**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | |
|---|---|
| DEE BENZLEY, | 3:05-CV-0460-ECR-RAM |
| Plaintiff, | |
| vs. | **ORDER** |
| ROBERT CONOVER, SANDSTORM SIGNS, INC., a California corporation, | |
| Defendants. | |

Plaintiff has filed a Motion (#7) to Remand this case to the state court on the ground that the Notice of Removal was not timely filed and served. Defendants have Opposed (#9) the motion and Plaintiff has filed a Reply (#11) in support of the motion.

The Complaint in this case was filed in the state court on September 9, 2004. Defendants were served with process on November 15, 2004. The Notice of Removal (#2) was filed August 12, 2005.

The damages sought are pled in the Complaint in accordance with required Nevada practice only as being "in excess of $10,000."

Defendants claim they were unable to ascertain that the amount in controversy exceeded $75,000, until the Joint Case Conference Report was filed on July 15, 2005, in the state court proceedings pursuant to N.R.Civ.P. 16.1. The Report stated, among other things, that:

> ". . . on December 21, 2004, Plaintiff provided a partial computation of estimated damages pertaining to sales to two customers in the amount of $55,000. Plaintiff believes that he is owed in excess of $100,000, but a more detailed calculation depends on information in possession of Defendants."

Plaintiff claims Defendants knew the amount in controversy at the time the action was first filed because of information they possessed and have refused to disclose, consisting of an oral agreement to pay a 20% commission on business Plaintiff was able to solicit for Defendants and invoices for business obtained by Plaintiff for Defendants under the agreement. Plaintiff claims he does not have access to the invoices to know the total commissions to which he is entitled.

Courts strictly construe the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. The removing defendant bears the burden of proving by a preponderance of the evidence that the jurisdictional amount in controversy threshold is met when the amount is not evident from the complaint. In other words, the defendant must prove that it is more likely than not that the amount in controversy exceeds $75,000.

In determining the amount in controversy, where the Complaint does not indicate the amount, the Court may consider facts alleged in the Notice of Removal, Opposition to the Motion for Remand, and summary judgment type evidence.

The facts here are not disputed. Defendants rely for the amount in controversy on Plaintiff's statement in the Joint Case Conference Report that "Plaintiff believes he is owed in excess of $100,000."

2

1 According to Defendants the Joint Case Conference Report triggered the
2 removal time clock.
3   Plaintiff relies on the claim that since Defendants knew the
4 amount in controversy all along from records they alone possessed, the
5 time clock began to run at the time the suit was filed.
6   28 U.S.C. § 1446(b) requires here that notice of removal of a
7 civil proceeding shall be filed, "within thirty days after receipt by
8 the defendant through service or otherwise, of a copy of an . . .
9 other paper from which it may be first ascertained that the case is
10 one that is or has become removable." . . .
11   The parties do not dispute the contents of the Joint Case
12 Conference Report.  The report falls under the definition of summary
13 judgment type evidence.  These same facts are also alleged in the
14 removal petition.
15   A preliminary question is whether the statement that Plaintiff
16 "believes he is owed in excess of $100,000 but a more detailed
17 calculation depends on information in possession of Defendants,"
18 constitutes a claim in excess of $100,000.  Generally, it is said the
19 amount in controversy depends upon what the plaintiff seeks to gain
20 or that which the defendant will lose.  Determination of the matter
21 in controversy is to be approached from the plaintiff's point of view.
22 The amount the defendant would lose is the amount the successful
23 plaintiff would recover if his claims were granted.
24   We, therefore, focus on the Plaintiff's claim to determine the
25 amount in controversy.  The amount which might actually be recovered
26 if a plaintiff is successful does not determine the amount a plaintiff
27 has placed in controversy.  While a defendant might know what his
28 possible liability is, that does not determine the amount in

3

controversy.  By contrast when the complaint sets forth a specific claimed amount, that amount will generally determine removal jurisdiction.

Plaintiff really doesn't claim the amount in controversy doesn't exceed $75,000, but only that Defendants' notice of removal wasn't timely because the Defendants knew the amount in controversy at the time the action was filed.  But, in the circumstances of this case, as stated above, what Defendants knew does not equate to the amount Plaintiff intends to place in controversy by filing his complaint.

There was no way for Defendants to know what amount Plaintiff had placed in controversy until the statement in the Joint Case Conference Report was filed.  The statement that Defendant "believes he is owed in excess of $100,000" is sufficient to show it is more likely than not the amount in controversy exceeds $75,000.  The filing of the claim in the Joint Case Conference Report started the removal time clock running.  It was only then that Defendants were advised of the amount Plaintiff had placed in controversy in this case.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's Motion for Remand (#7) is **DENIED**.

DATED:   January 9, 2006.

_____
UNITED STATES DISTRICT JUDGE

4